# Exhibit A

FILED by Macomb County Circuit Court
8/11/2021

2021-002941-NO
MANSOOR, RONZA

Approved, SCAO

| Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |

| **STATE OF MICHIGAN** | **SUMMONS** | **CASE NO.** |
| 16th **JUDICIAL DISTRICT**<br>**JUDICIAL CIRCUIT**<br>**COUNTY PROBATE** | | 2021-002941-NO |

Court address
40 N. MAIN STREET, MT. CLEMENS, MI

Court telephone no.
(517) 546-9816

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
| RONZA MANSOOR | v | SPEEDWAY, LLC, a Foreign Limited Liability Company |

Plaintiff's attorney, bar no., address, and telephone no.
BRIAN L. FANTICH (P60935)
CARRA J. STOLLER (P64540)
ADAM J. GANTZ (P58558)
30903 NORTHWESTERN HWY., STE. 270
FARMINGTON HILLS, MI 48334

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.       **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 08/11/2021 | Expiration date* 11/10/2021 | Court clerk *Anthony Forlini* |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

/S/ ANTHONY G. FORLINI
COUNTY CLERK

08/12/2021

MC 01  (9/19) **SUMMONS**       MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| | SUMMONS |
|---|---|
| **PROOF OF SERVICE** | Case No. |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                          Date

My commission expires: _____  Signature: _____
                              Date                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                          Attachments

_____ on _____
                                                Day, date, time

_____ on behalf of _____ .
Signature

2021-002941-NO
MANSOOR, RONZA

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

RONZA MANSOOR,

Plaintiff,

-vs-

SPEEDWAY, LLC, a Foreign
Limited Liability Company

Defendant.

Case No. 2021-002941-NO
Hon. RICHARD L. CARETTI

_____/

LAW OFFICE OF KELMAN & FANTICH
BRIAN L. FANTICH P60935
CARRA J. STOLLER (P64540)
ADAM J. GANTZ (P58558)
Attorney for Plaintiff
30903 Northwestern #270
Farmington Hills, MI 48334
(248) 855-0100
FAX (248) 855-3557
_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as
alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed
or transferred after having been assigned to a judge, nor do I know of any other civil action, not between
these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either
pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been
assigned to a judge in this court.

## **COMPLAINT**

NOW COMES the above named Plaintiff, by and through her attorneys, THE LAW OFFICE

OF KELMAN & FANTICH, and complaining against the Defendant herein, says:

1. That the Plaintiff is a resident of the City of Shelby Twp., County of Wayne, State of

Michigan.

2. That the Defendant, SPEEDWAY, LLC, a Foreign Limited Liability Company, is doing

business located at 40500 VanDyke Ave., in the City of Sterling Heights, County of Macomb, State

of Michigan, and having a resident agent being The Corporation Company, 40600 Ann Arbor Rd.,

Ste. 201, Plymouth, MI 48170.

3. That the amount in controversy in this matter is in excess of Twenty Five Thousand

($25,000.00) Dollars exclusive of costs, interest and attorney fees.

4.  That on or about September 2, 2018, Plaintiff was a business invitee at Defendant's establishment owned, operated and maintained by Defendant located at 40500 VanDyke Ave., in the City of Sterling Heights, County of Macomb, State of Michigan, and was a business invitee on Defendant's premises when she was severely injured when suddenly without any warning due to Defendant's employees, agents, representatives and servants active negligence, negligence and negligent repairs Plaintiff was over come by hazardous gas (gas fumes/chemicals) which was defective causing the gas to violently spill onto Plaintiff's eyes/face/body causing Plaintiff to sustain serious and disabling injuries more fully set forth herein.

5.  That at the time, place and location aforesaid, it was the duty of the Defendant through its agents, servants and/or employees, to exercise all due care and diligence for the safety of Plaintiff and for all other persons lawfully upon said premises, and in particular to exercise said due care and diligence to keep and maintain said premises in a reasonably safe condition for Plaintiff and all other persons lawfully upon same, and to remove said defect from the premises, in accordance with the laws of the State of Michigan, the Ordinances of the City of Sterling Heights, County of Macomb, State of Michigan and the Rules of the Common Law.

6.  That disregarding said duties, the Defendant, through its agents, servants and/or employees, failed to exercise reasonable and ordinary care and diligence in the maintenance of said premises in the following manner, to-wit:  failed to keep and maintain said premises in a reasonably safe manner; carelessly and negligently allowed and permitted said defect to remain in said area where business invitees would come into contact with it; and carelessly and negligently allowed the area to remain defective and in an unsafe condition for an unreasonable length of time so that, as a direct result of the negligence of the Defendant, she was caused to be injured and sustained serious and disabling injuries.

7.  That Defendant is responsible for the active negligence of its agents, servants and/or employees under the doctrine of respondeat superior and is also liable for the injuries sustained by Plaintiff.

2

8.      That Defendant under a separate and distinct duty owed to Plaintiff is responsible for the active negligence of its employees and is liable to Plaintiff for the injuries sustained to her.

9.      That Defendant had possession and control over the premises where this incident occurred.

10.     That Defendants under a separate and distinct duty owed to Plaintiffs Defendants negligently performed their respective obligations-duties to the detriment of Plaintiff under the contract causing severe and disabling injuries giving rise to tort liability.

11.     That Defendants under a separate and distinct duty owed to Plaintiff Defendants through their respective active negligence created a new hazard altering the premises which posed an unreasonable risk of harm to the detriment of Plaintiff causing severe and disabling injuries.

12.     That Defendant, through its agents, servants and/or employees, was guilty of one or more of the following negligent acts and omissions in violation of its duty to Plaintiff:

a.      Permitted said defect where customers were expected to traverse, although Defendant knew, or in the exercise of reasonable care and diligence should have known, of the dangerous condition thereof;

b.      Permitted a dangerous condition to exist on said premises and allowed and permitted said premises, to remain in an unsafe condition, although Defendant knew, or in the exercise of reasonable care and diligence, should have known thereof;

c.      Failed to inspect and remove the defective gas pump or in the alternative, to give adequate notice or a warning to Plaintiff and other persons lawfully on said premises of the dangerous condition thereof, although Defendant knew of or, in the exercise of reasonable care and diligence, should have known of the dangerous condition thereof.

d.      Negligently hiring employees, representatives, agents and servants who are ineffectively trained to repair, inspect, and replace the gas pump.

13.     That in the happening of the aforesaid accident, Plaintiff was not guilty of negligence or comparative negligence or contributory negligence but that as a direct and proximate result of the negligence and carelessness of said Defendant, through its agents, servants and/or employees, your Plaintiff suffered severe personal injuries including but not limited to:

a.      Severe injuries to her eyes resulting in severe burning and blurred vision; injuries to her face, mouth, and nose; severe gas inhalation; inability to taste and smell other than gas, severe shock, as well as physical pain and suffering;

3

b.      The requiring of months of intense therapy, which injury is permanent in nature;

c.      Severe humiliation and embarrassment, which is of an ongoing and permanent nature;

d.      Loss of full ability to perform the normal vocational and avocational activities of life, and which prevent Plaintiff from participating in recreational activities, which loss is permanent;

e.      Past, present and future hospital, medical, and pharmaceutical bills for treatment and medication;

f.      Severe, frequent and persistent pain which is of a continuing and permanent nature.

14.     That Defendant under a separate and distinct duty owed to Plaintiff Defendant negligently directed/escorted Plaintiff to a defective area on the premises causing Plaintiff to sustain serious and disabling injuries.

15.     That Defendant under a separate and distinct duty failed to direct/escort Plaintiff to a safe hazard free area, thereby causing Plaintiff to sustain serious and disabling injuries.

16.     The Defendant through a separate and distinct theory of liability is liable to Plaintiff under the doctrine of res ipsa loquitur which the defendant breached violated.

17.     That Defendant has breached his respective duties under the International Property Maintenance Code (2009 Edition) and Building Construction Ordinance Section 302.3, which is applicable under MCLA 554.139. Said statutory/code breach caused Plaintiff's severe injuries to her detriment.

18.     That in the event that Plaintiff was suffering from any other medical and/or emotional condition, then in that event, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incident herein described.

4

WHEREFORE, Plaintiff prays for a Judgment against the Defendant in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars said Plaintiff is found to be entitled plus interest, costs and attorney fees so wrongfully sustained.

Respectfully submitted,

LAW OFFICE OF KELMAN & FANTICH

BRIAN L. FANTICH (P60935)
CARRA J. STOLLER (P64540)
ADAM J. GANTZ (P58558)
Attorney for Plaintiff
30903 Northwestern Highway, Suite 270
Farmington Hills, MI 48334
(248) 855-0100

DATED:        August 11, 2020

5

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

RONZA MANSOOR,

              Plaintiff,

-vs-

SPEEDWAY, LLC, a Foreign
Limited Liability Company

              Defendant.

Case No. 2021-002941-NO
Hon. RICHARD L .CARETTI

_____ /

LAW OFFICE OF KELMAN & FANTICH
BRIAN L. FANTICH P60935
CARRA J. STOLLER (P64540)
ADAM J. GANTZ (P58558)
Attorney for Plaintiff
30903 Northwestern Highway, Suite 270
Farmington Hills, MI 48334
(248) 855-0100 / FAX (248) 855-3557
kelmanandassociates@yahoo.com
_____ /

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES DIRECTED TO DEFENDANT
## SPEEDWAY, LLC

       NOW COMES the above-named Plaintiff, by and through her attorneys, LAW OFFICES OF

KELMAN & FANTICH, and submits for answer to Defendant SPEEDWAY, LLC, its agents,

servants, employees, representatives or attorneys, the following Interrogatories to be answered under

oath, separately and fully, in writing, within twenty-eight (28) days after service thereof in

accordance with the Michigan Court Rules. The information sought herein must be provided by you,

your agents, servants, representatives or attorneys, or any other person who has made this

information and knowledge known to you, or from whom you can obtain this information, and who

is competent to testify to the facts stated. Said Interrogatories are continuing in nature and as the

answers change, amended answers in writing are to be served upon Plaintiff's attorney promptly.

    1.     Please state the name, address, job title of the person answering these Interrogatories.

**ANSWER:**

2.      Did the Defendant have any established procedure for the inspection of the area where this incident took place on the date of the incident?

>      If so, please state:

>      a)      The description of the procedure.

>      b)      The date the last inspection was made prior to the date of this incident.

>      c)      The name, job title, address and telephone number of each person who participated in such inspection.

>      d)      Whether or not such inspection included an inspection of the area in which the Plaintiff was allegedly injured.

**ANSWER:**

3.      If the Defendant had no established procedure for inspection, state whether or not an inspection was made of any location in question at any time on the date of the alleged injury.

>      If so, please state:

>      a)      The time when the such inspection took place.

>      b)      The condition disclosed by such inspection.

**ANSWER:**

4.      Prior to this incident, did the Defendant have notice that the location in question constituted a hazardous condition due to the defective area?

>      If so, please state:

>      a)      Whether such information was obtained as a result of an inspection made by the Defendant and if so the name, job title, address and telephone number of such person who made such an inspection and the date when same was made.

>      b)      If the Defendant was informed of the condition by an attendant, employee, tradesman, postman, occupant, neighbor, tenant or any other person who used

2

the area, and if so, the name or other means of identification such as address or telephone number of the person who informed the Defendant and the date and time when such information was received.

**ANSWER:**


5.   After learning of the condition at the location in question, please state:

   a)   Whether the Defendant posted a sign of warning regarding the potentially hazardous condition.

   b)   Whether the Defendant attempted to render it safe in some other manner and if so in what manner.

**ANSWER:**


6.   At any time after the incident, were any photographs taken of the scene of the accident?

   If so, please state:

   a)   The date when such pictures were taken.

   b)   The name or other means of identification address or phone number of the person who took the photographs and the name of the person who employed the photographer.

   c)   The name and address of the person who presently has possession or custody of such photographs.

**ANSWER:**


7.   What is the name, address and telephone number of each person known to the Defendant to have witnessed this incident?

**ANSWER:**


8.   Was a written statement taken from such witnesses by the Defendant or any other

person on the Defendant's behalf?

**ANSWER:**


9.       What is the name of the person or other means of identification by way of address or telephone number of the person who presently has possession or custody of each written statement?

**ANSWER:**


10.      Please state whether or not any employee of the Defendant spoke with the Plaintiff after the incident and if so please identify said person.

**ANSWER:**


11.      Please state whether or not an incident report was made as a result of the alleged incident which occurred in this cause of action.

If so, please identify such document with the name and address of the witness and or employee who made the report, the date and other appropriate description of the incident report.

**ANSWER:**


12.      After the incident, was there an investigation made by or on behalf of the Defendant concerning the circumstances of this incident?

        If so, what is the name and address of each person who made such an investigation?

**ANSWER:**

4

13.     Was the written report furnished to the Defendant of the investigation?

If so, what is the name, address and telephone number of the person who presently has possession or custody of the report?

**ANSWER:**


14.     On the date of this incident, was the Defendant insured with respect to any of the claims, cause of action injuries or damages alleged or claimed against the Defendant in this cause of action?

If so, please state:

a)      The total number of such policies.

b)      The name of the company that issued the policies.

c)      The policy number of each such policy.

d)      The name of each person designated as insured's on each policy.

e)      The limits of bodily injury or public liability coverage of each policy.

**ANSWER:**


15.     Have any changes been made at the place where this incident occurred since the date of this incident?

If so, please give details of such changes.

**ANSWER:**


16.     State the name and address of all expert witnesses to be presented by you and their field of expertise.

**ANSWER:**

17.     When did you first have notice of Plaintiff's injury?

**ANSWER:**


18.     Is it the contention or allegation of the Defendant that the Plaintiff by any act or omission caused or contributed to the cause of Plaintiff's alleged injuries?

If you answered the proceeding Interrogatory in the affirmative, please state in detail each act or omission by the Plaintiff which it is contended or alleged caused or contributed to the cause of Plaintiff's injuries.

**ANSWER:**


19.     Please state if any other persons were injured at the location where this incident occurred as a result of the defect  prior to this incident to the present, setting forth the names of the parties injured, dates, and cause(s) of their injuries.

**ANSWER:**


Respectfully submitted,

LAW OFFICES OF KELMAN & FANTICH


BRIAN L. FANTICH (P60935)
Attorneys for Plaintiff
30903 Northwestern Highway, Suite 270
Farmington Hills, MI 48334
(248) 855-0100

DATED: 8-12-21

6

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

RONZA MANSOOR,

      Plaintiff,

-vs-

SPEEDWAY, LLC, a Foreign
Limited Liability Company

      Defendant.

Case No. 2021-002941-NO
Hon. RICHARD L. CARETTI

_____/

LAW OFFICE OF KELMAN & FANTICH
BRIAN L. FANTICH P60935
CARRA J. STOLLER (P64540)
ADAM J. GANTZ (P58558)
Attorney for Plaintiff
30903 Northwestern Highway, Suite 270
Farmington Hills, MI 48334
(248) 855-0100 / FAX (248) 855-3557
kelmanandassociates@yahoo.com
_____/

**REQUEST FOR PRODUCTION OF DOCUMENT/THINGS**

TO:   SPEEDWAY, LLC, Defendant

      NOW COMES Plaintiff, by and through her attorneys, LAW OFFICES OF KELMAN & FANTICH, and pursuant to all purposes under MCR 2.314 and any other applicable rules, the following request is made for the production of all information, including but not limited to:

1.    Any and all incident/investigative reports relative to the subject matter of this lawsuit.

2.    Any and all photographs, diagrams, drawings taken of the defect on Defendant's premises that is the subject matter of this lawsuit.

3.    Any and all witness statements taken by Defendant, its agents, servants and/or employees.

4.    Any and all witness statements taken by Defendant's insurance carrier or their agents and/or representatives.

5.    Any and all photographs, diagrams, drawings of the area where this incident occurred that is the subject matter of this lawsuit.

6.    Any and all repair logs, maintenance logs, maintenance requests, in any form for the two (2) years prior to this incident.

7.    Any and all repair logs, maintenance logs, maintenance requests, in any form for the two (2) years after this incident.

8.    Any and all written policies, procedures for employees relative to maintenance, inspection, stacking, shelving and storage practices of Defendant in effect on the date of this incident.

9.    Any and all lease  agreements in effect on the date of this incident.

10.    Any and all Curriculum Vitaes of any and all experts you intend to call at the trial of this matter.

11.    Any and all video tapes, tape recordings, surveillance, computer records, photographs regarding Plaintiff.

12.    Names of any and all employees, their job titles, and duties who were on duty at Defendant's premises on September 2, 2018.

LAW OFFICES OF KELMAN & FANTICH

Dated: 8-12-21

BRIAN L. FANTICH (P60935)
Attorneys for Plaintiff
30903 Northwestern Hwy., Ste. 270
Farmington Hills, MI  48334
(248) 855-0100